**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| ALPER GULER, | Case No. 2:21-cv-00116-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| CRYPTO TRADERS MANAGEMENT, LLC, an Idaho limited liability company; SHAWN CUTTING, individually and as trustee of the Lake View Trust; COURTNEY LATA, an individual; JANINE CUTTING, individually and as trustee of the Lake View Trust; ASH DEVELOPMENT, LLC, an Idaho limited liability company; GOLDEN CROSS INVESTMENTS, LLC, an Idaho limited liability company; CRYPTO TRADERS FUND, LP, a Delaware limited partnership; the LAKE VIEW TRUST; and DOES 1-20, | |
| Defendants. | |

**INTRODUCTION**

On March 11, 2026, the Court issued an Order to Show Cause (Dkt. 43) directing Plaintiff Alper Guler to show cause why this action should not be dismissed for failure to prosecute. Guler filed a timely response arguing that dismissal was not appropriate as to

**MEMORANDUM DECISION AND ORDER - 1**

the non-appearing defendants, Crypto Traders Management, LLC, Shawn Cutting, Janine Cutting, Golden Cross Investments, LLC, Crypto Traders Fund, LP, and Lake View Trust, in light of his concurrently filed Motion for Default and Default Judgment (Dkt. 45). As to the represented defendants, Courtney Lata and Ash Development, LLC, counsel for Guler asks the Court to defer dismissal of these defendants to allow for the filing of a stipulated, voluntary dismissal under Rule 41. Since issuing the Order to Show Cause, the Court has become aware that Shawn and Janine Cutting filed a bankruptcy petition that remains pending.

For the reasons explained below, the Court will dismiss Guler's claims against Defendants Courtney Lata and Ash Development, LLC for failure to prosecute, discharge the Order to Show Cause as to the non-appearing defendants, and defer ruling on Guler's motion for default judgment pending the resolution of the Cuttings' bankruptcy proceedings.

## BACKGROUND

The Court assumes familiarity with the factual allegations underlying this case, which arise from the same cryptocurrency Ponzi scheme at issue in two related cases, *Powell v. Crypto Traders Management, et al.*, No. 2:20-cv-00352-BLW and *SEC v. Crypto Traders Management, et al.*, 21-cv-00103-BLW. In short, Guler alleges that Defendant Shawn Cutting, operating through his company Crypto Traders Management, LLC ("CTM"), defrauded Guler into investing his life savings, approximately $205,000, in a fraudulent cryptocurrency fund, from which he recovered only $4,000. Guler's

MEMORANDUM DECISION AND ORDER - 2

Verified Complaint asserts thirteen claims against a web of individual and entity defendants—including claims for federal and state securities fraud, common-law fraud, breach of contract, conversion, and voidable transfer—and alleges that all defendants are alter egos of one another. *See* Dkt. 1.

The procedural history is long and the pace of this litigation has been glacial, largely through no fault of Guler. He filed this action in March 2021. In January 2022, the Court stayed the case pending resolution of the SEC's enforcement action against the same defendants. *See* Dkt. 21. On March 28, 2024, after the SEC action was resolved on the merits, the Court lifted the stay and ordered all unrepresented defendants to appear within twenty-one days or face entry of default. *See* Dkt. 37 at 2. None of the unrepresented defendants—Shawn Cutting, Janine Cutting, CTM, Golden Cross Investments, Crypto Traders Fund, and the Lake View Trust—complied with that order.

Despite the lifting of the stay, Guler took no meaningful steps to advance this case over the next two years. Because of this, the Court issued the show cause order in question here. *See* Dkt. 43. As noted, Guler filed a timely response, in which his counsel stated she had been unable to reach Guler—who resides in Norway—despite multiple attempts by email and telephone. *See* Dkt. 44 at 2. Counsel represented that Guler's phone number is no longer working and that emails have gone unanswered. *Id.* Counsel simultaneously filed a motion for default and default judgment against the non-appearing defendants. *See* Dkt. 45. As to the two represented defendants, Courtney Lata and Ash Development, Guler's counsel stated that she had anticipated filing a stipulated voluntary

**MEMORANDUM DECISION AND ORDER - 3**

dismissal under Rule 41 but could not do so without Guler's authorization—which she has been unable to obtain. *See* Dkt. 44 at 2.

The Court has since learned that Shawn and Janine Cutting filed a Chapter 7 bankruptcy petition on March 13, 2025 (Case No. 25-20068-NGH), which remains pending.

## ANALYSIS

### A. Dismissal of Claims Against Lata and Ash Development for Failure to Prosecute

This case has been pending for five years. To be sure, much of that time was spent under a court-ordered stay, and once the SEC enforcement action was resolved, Guler reasonably awaited clarity regarding seeking recovery through the SEC's enforcement and collections process. It makes sense he would be reluctant to pursue relief both from the SEC, through its collections process, and this Court, through a default judgment against the non-appearing defendants. But this reasoning does not apply with equal force to the represented defendants, Lata and Ash Development, neither of which were named defendants in the SEC action. While the Court assigns no fault to Guler in his decision to take a wait-and-see approach with the SEC case through much of this case's pendency – and certainly not to his counsel at any point – it has now been five years since this case was filed, and Guler has taken no meaningful action to prosecute his claims against Lata and Ash Development. And now he has not even responded to his own attorney to provide authorization to dismiss these defendants. *See* Dkt. 44 at 2. Such a plaintiff is not prosecuting his claims.

MEMORANDUM DECISION AND ORDER - 4

Under Rule 41(b), the Court may dismiss an action where a plaintiff fails to prosecute or to comply with court rules or orders. In determining whether dismissal is warranted, courts in the Ninth Circuit consider five factors: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to defendants, (4) the availability of less drastic alternatives, and (5) the public policy favoring disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

All five factors favor dismissal. The public's interest in expeditious resolution of litigation "always favors dismissal," *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999), and this case has sat for five years with no meaningful progress toward resolution of the claims against Lata and Ash Development. The Court's need to manage its docket likewise supports dismissal; the Court cannot indefinitely hold a case in abeyance while a plaintiff decides whether to pursue his claims. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Prejudice to Lata and Ash Development is presumed from the unreasonable delay, *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976), and these defendants have been subject to the cloud of this litigation for five years with no indication that Guler intends to prosecute his claims against them. The Court's Order to Show Cause expressly warned Guler that failure to demonstrate good cause would result in dismissal, satisfying the requirement that less drastic alternatives be considered, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), and Guler has not shown good cause—he has not even responded to his own

**MEMORANDUM DECISION AND ORDER - 5**

counsel who has diligently attempted to reach him. Finally, while public policy favors

disposition on the merits, that policy "lends little support" to a plaintiff who has

effectively abandoned the litigation. *Pagtalunan*, 291 F.3d at 643. The claims against

Lata and Ash Development are therefore dismissed without prejudice.

### B. Non-Appearing Defendants and Motion for Default Judgment

The Order to Show Cause was directed at Guler's failure to prosecute the case as a

whole. As to the non-appearing Defendants—Shawn Cutting, Janine Cutting, CTM,

Golden Cross, Crypto Traders Fund, and the Lake View Trust—Guler has shown cause

by taking the necessary step of filing a motion for entry of default and default judgment.

The Order to Show Cause is therefore discharged as to the non-appearing defendants.

Guler, however, is again thwarted in his attempt to recover his life savings from

the defendants. The Cuttings' bankruptcy filing triggers an automatic stay, which

generally prohibits "commencement or continuation" of judicial proceedings against the

debtor. 11 U.S.C. § 362(a)(1). Because of the importance of the automatic stay, actions

taken in violation of it are void. *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569,

571 (9th Cir. 1992). The automatic stay plainly bars the Court from entering default

judgment against Shawn and Janine Cutting individually.

But the stay's reach does not end there. While section 362(a) protects only the

debtor, property of the debtor, or property of the estate, *Boucher v. Shaw*, 572 F.3d 1087,

1092 (9th Cir.2009), some courts have extended the stay to non-debtors when "unusual

circumstances" make the interests of the debtor inextricably intertwined with a non-

**MEMORANDUM DECISION AND ORDER - 6**

debtor party. *In re Fam. Health Servs., Inc.*, 105 B.R. 937, 942 (Bankr. C.D. Cal. 1989) (quoting *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.1986), *cert. denied*, 479 U.S. 876 (1986)). "In the Ninth Circuit, the vitality of the 'unusual circumstances' exception is not clear." *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1098 (9th Cir. 2007) (citation omitted). But the Ninth Circuit has made clear that the automatic stay precludes a court from even "thinking" about issues that could conceivably harm the bankrupt defendant. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir.1995) (explaining even "thinking about the issues" that might bear on the debtor's liability violates the stay). Under this rubric, the Court finds it appropriate to extend the stay to the remaining non-appearing Defendants as well—CTM, Golden Cross, Crypto Traders Fund, and the Lake View Trust.

In this case, the interests of these entity defendants are inextricably intertwined with those of the Cuttings. As this Court has recognized in the related *Powell* action, CTM was not merely controlled by Cutting—it was the very vehicle through which he ran his Ponzi scheme. *See Powell v. Crypto Traders Management*, et al., No. 2:20-cv-00352-BLW. As for Golden Cross, Lake View Trust, and Crypto Traders Fund, Guler is suing these entities as alter egos of Shawn and Janine Cutting. *See* Dkt. 1 at ¶¶ 19–21, 205–211. He claims the Cuttings "completely controlled, dominated, managed, and operated the corporate entity defendants to suit their convenience"; that they "commingled the funds and assets of these corporate entities and diverted corporate funds and assets for their own personal use"; and that the entities are "mere shells,

MEMORANDUM DECISION AND ORDER - 7

instrumentalities or conduits" for the individual defendants. *Id.* at ¶¶ 19–20. In other words, even "thinking about the issues" relating to the entity defendants' liability would require the Court to consider the Cuttings' possible liability and risk violating the automatic stay.

Accordingly, the Court will stay the case against the entity defendants through its inherent authority to manage its docket. *Ryan-Beedy v. Bank of New York Mellon*, No. 2:17-cv-01999 WBS EFB, 2019 WL 1556673, at * 3 (E.D. Cal. Apr. 10, 2019) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). All proceedings in this action will be stayed until the Cuttings' bankruptcy action is terminated or relief is obtained from the automatic stay. Guler may renew his motion for entry of default and default judgment once the bankruptcy proceedings are resolved or he obtains relief from the stay in the bankruptcy court.

## ORDER

**IT IS HEREBY ORDERED that**:

1. The Court's Order to Show Cause (Dkt. 43) is **DISCHARGED** as to the non-appearing Defendants.

2. All claims against Defendants Courtney Lata and Ash Development, LLC are **DISMISSED** without prejudice for failure to prosecute.

3. Plaintiff's Motion for Entry of Default and Default Judgment (Dkt. 45) is **HELD IN ABEYANCE** pending the resolution of the Cuttings' bankruptcy proceedings, Case No. 25-20068-NGH, or until the automatic stay is lifted.

MEMORANDUM DECISION AND ORDER - 8

4.  This case is *STAYED* as to Defendants Shawn Cutting, Janine Cutting, Crypto Traders Management, LLC, Golden Cross Investments, LLC, Crypto Traders Fund, LP, and the Lake View Trust, pending the resolution of the Cuttings' bankruptcy proceedings or until the automatic stay is lifted.

5.  The Clerk is directed to *administratively* close this case until the stay is lifted.

6.  Plaintiff's counsel is directed to file a status report *within 45 days of entry of this Order, and every 60 days thereafter*, advising the Court as to the status of the bankruptcy proceedings and whether counsel has been able to reestablish contact with Plaintiff.

DATED: March 31, 2026

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 9**