# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

ALPER GULER,

            Plaintiff,

    v.

CRYPTO TRADERS
MANAGEMENT,
LLC, an Idaho limited liability
company;
SHAWN CUTTING, individually and
as
trustee of the Lake View Trust;
COURTNEY LATA, an individual;
JANINE CUTTING, individually and
as trustee of the Lake View Trust; ASH
DEVELOPMENT, LLC, an Idaho
limited liability company; GOLDEN
CROSS INVESTMENTS, LLC,
an Idaho limited liability company;
CRYPTO TRADERS FUND, LP, a
Delaware limited partnership; the
LAKE
VIEW TRUST; and DOES 1-20,

            Defendants.

Case No. 2:21-cv-00116-BLW

**MEMORANDUM DECISION AND
ORDER**

# INTRODUCTION

MEMORANDUM DECISION AND ORDER - 1

On March 31, 2026, the Court stayed this case and held Plaintiff's Motion for Entry of Default and Default Judgment (Dkt. 45) in abeyance pending the resolution of the Cuttings' bankruptcy proceedings or until the automatic stay was lifted. Dkt. 46. The Court directed Plaintiff's counsel to file periodic status reports on the bankruptcy proceedings.

On May 15, 2026, Plaintiff filed a Status Report (Dkt. 47), along with a renewed motion for entry of default and default judgment supported by a declaration and memorandum (Dkts. 48, 49). The Status Report advises the Court of two significant developments. First, on May 5, 2026, the Bankruptcy Court entered an Order Denying Debtors' Discharge under 11 U.S.C. §§ 727(a)(2)–(7), pursuant to the debtors' own waivers and a stipulation with the United States Trustee. Second, the adversary proceeding challenging discharge was dismissed on May 13, 2026. Plaintiff's counsel also reports that she has re-established contact with Guler.

With the denial of the Cuttings' discharge, the conditions set forth in the Court's March 31 Order have been satisfied. The Court will now lift the stay, reopen this case, and rule on Guler's motion for entry of default and default judgment.

## ANALYSIS

### A. Automatic Stay

The automatic stay under 11 U.S.C. § 362(a) terminated as to the Cuttings by operation of law when the Bankruptcy Court denied their discharge. Section 362(c)(2)(C) provides that the stay of acts against the debtor continues only until the

**MEMORANDUM DECISION AND ORDER - 2**

earliest of three events: the case is closed, the case is dismissed, or "a discharge is granted or denied." The Bankruptcy Court's May 5, 2026 order denying discharge triggered the third condition, and the automatic stay is no longer in effect as to Shawn and Janine Cutting.

It bears emphasis that the Cuttings' discharge was denied—not granted. This means that the debts at issue in this case were not discharged and remain fully enforceable against the Cuttings personally. The denial was entered under 11 U.S.C. §§ 727(a)(2) through (7), which encompass some of the most serious grounds for denial of discharge, including concealment or destruction of property, false oaths, and failure to explain loss of assets. The Cuttings' stipulated waiver of discharge is entirely consistent with the pattern of misconduct alleged in this case.

This Court's extension of the stay to the entity defendants—CTM, Golden Cross, Crypto Traders Fund, and the Lake View Trust—was a discretionary measure predicated on the existence of the automatic stay and the inextricable intertwining of the entities' interests with those of the Cuttings. With the automatic stay no longer in effect, the rationale for extending that protection to the entities has evaporated. The stay is lifted as to all Defendants.

### B. Entry of Default

Under Federal Rule of Civil Procedure 55(a), default must be entered when a party against whom judgment is sought has failed to plead or otherwise defend. The

**MEMORANDUM DECISION AND ORDER - 3**

record here clearly makes that showing. None of the Defendants subject to this motion—Shawn Cutting, Janine Cutting, CTM, Golden Cross Investments, Crypto Traders Fund, or the Lake View Trust—have appeared in this action since their counsel withdrew in 2023. This Court has twice ordered them to appear: first in July 2023 and again in March 2024, when it expressly warned that failure to appear would be "grounds for entry of default against the Defendant who fails to appear with prejudice and without further notice." Dkt. 37 at 2. Not one of them heeded either order. Default is therefore warranted under Rule 55(a) and Local Rule 83.6(c).

### C. Default Judgment

Once default is entered, the Court has discretion to enter default judgment. In exercising that discretion, the Court considers the seven factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). These factors include (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* These factors support granting default judgment.

First, Guler will be prejudiced absent a default judgment. He has been trying to recover his life savings—approximately $201,000—for nearly a decade. The

**MEMORANDUM DECISION AND ORDER - 4**

Defendants have demonstrated through years of silence that they have no intention of voluntarily making Guler whole.

With respect to the second and third factors, Guler's states meritorious claims. In his Verified Complaint, Guler alleges thirteen claims arising from what this Court has previously recognized as a fraudulent cryptocurrency Ponzi scheme. *See* Dkt. 1. He details how Cutting induced Guler to invest $205,000 through misrepresentations about the fund's performance and the safety of his money, then stonewalled every withdrawal request. *Id.* ¶¶ 26-105. These allegations, taken as true upon default, state cognizable claims for federal and state securities fraud, common-law fraud, breach of contract, conversion, and related causes of action. The sufficiency of these claims is reinforced by the SEC's successful enforcement action against the same defendants arising from the same scheme.

The remaining factors also favor granting default judgment. The sum at stake—$201,000 in compensatory damages—is proportionate to the harm. This is not an inflated or speculative figure; it represents the precise difference between what Guler invested, $205,000, and what he got back, $4,000; there is no genuine possibility of disputed material facts given that the well-pleaded allegations in the Complaint are taken as true upon entry of default; and Defendants' default is not the product of excusable neglect—they were given every opportunity to participate in this litigation but chose to ignore the Court's warnings and their own obligations.

**MEMORANDUM DECISION AND ORDER - 5**

Finally, while the strong policy favoring decisions on the merits always weighs against default judgment, that policy "lends little support" to defendants who have walked away from the litigation entirely. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). A decision on the merits is impossible when defendants refuse to show up. Default judgment is therefore warranted.

### D. Damages

Under Rule 55(b)(2), the Court may enter judgment for a sum certain without a hearing where the amount is supported by documentary evidence. Guler invested a total of $205,000 in the Crypto Fund through three wire transfers and recovered only $4,000. His out-of-pocket loss of $201,000 is supported by the verified allegations and documentary record. The Court awards compensatory damages of $201,000, jointly and severally, against all defaulting Defendants.

Guler is entitled to prejudgment interest under Idaho Code § 28-22-104(1) at the rate of twelve percent per annum. In light of the undisputed fact that Defendants received and retained Guler's money through fraud, equitable considerations strongly favor an award of prejudgment interest. The Court will calculate prejudgment interest on the principal of $201,000, accruing from May 25, 2018—the date of Guler's last investment—through the date of this Order.

Post-judgment interest shall accrue on the entire judgment amount, including prejudgment interest, at the rate prescribed by 28 U.S.C. § 1961.

MEMORANDUM DECISION AND ORDER - 6

Guler also seeks attorney's fees and costs under Federal Rule of Civil Procedure 54, and Idaho Code §§ 30-14-509(b), 48-608, 12-120, and 12-121. The Court finds that Guler is entitled to reasonable attorney's fees, *see* I.C. §§ 30-14-509(b), 48-608, and determines that the amount of $20,000 shall constitute a reasonable attorney fee, as set forth in the complaint. *See* Dkt. 1 ¶ 215 ("In the event that Guler takes a default judgment against Defendants, or any of them, the amount of $20,000 shall constitute a reasonable attorney fee.").

### E.  Joint and Several Liability

The Complaint alleges that all Defendants are alter egos of one another—that the Cuttings "completely controlled, dominated, managed, and operated the corporate entity defendants to suit their convenience" and used them as "mere shells, instrumentalities or conduits" to perpetrate the fraud and shield themselves from personal liability. Dkt. 1 at ¶¶ 19–20. These allegations, accepted as true upon default, support the imposition of joint and several liability against all Defendants for the full amount of the judgment.

**ORDER**

**IT IS HEREBY ORDERED that**:

1.  The stay imposed by the Court's March 31, 2026 Memorandum Decision and Order (Dkt. 46) is **LIFTED** as to all Defendants.

2.  The Clerk is directed to **REOPEN** this case.

**MEMORANDUM DECISION AND ORDER - 7**

3. The Clerk shall enter **DEFAULT** against Defendants Shawn Cutting, Janine Cutting, Crypto Traders Management, LLC, Golden Cross Investments, LLC, Crypto Traders Fund, LP, and the Lake View Trust under Federal Rule of Civil Procedure 55(a).

4. Plaintiff's Motion for Entry of Default and Default Judgment (Dkt. 45) is **GRANTED**. Default judgment is entered in favor of Plaintiff Alper Guler and against Defendants Shawn Cutting, Janine Cutting, Crypto Traders Management, LLC, Golden Cross Investments, LLC, Crypto Traders Fund, LP, and the Lake View Trust, jointly and severally.

5. Plaintiff is awarded compensatory damages of **$201,000.00**, plus prejudgment interest at the rate of twelve percent (12%) per annum on the principal of $201,000.00 from May 25, 2018 through the date of this Order.

6. Post-judgment interest shall accrue on the full judgment amount, including the prejudgment interest component, at the rate set forth in 28 U.S.C. § 1961, from the date of this Order until the judgment is satisfied.

7. Plaintiffs is awarded $20,000 in attorney fees.

8. The Court will enter a separate judgment in favor of Plaintiff pursuant to Federal Rule of Civil Procedure 58.

**MEMORANDUM DECISION AND ORDER - 8**



DATED: August 12, 2026

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 9**